The next case calls for an oral argument of people v. Sedlacek. Counsel, are we ready? You may proceed. Thank you. May it please the court? Counsel? Jennifer Camden on behalf of the state. Unless the court objects, I'll begin with a brief recitation of some of the pertinent facts. The defendant was indicted on counts of first-degree murder and aggravated battery. An issue of fitness was raised, and the defendant provided notice that he may assert the insanity defense. There was an initial fitness hearing at which the parties stipulated that the expert would testify that the defendant was presently unfit, but that the expert could not say if the defendant would regain fitness within a year. The court found the defendant unfit and had him sent to the Department of Human Services for treatment. The DHS subsequently issued a report saying that the defendant was not restored to fitness and would not become fit within a year. The state filed a motion to have the defendant examined by its appointed expert, Dr. Marcos, to render an opinion both on whether the defendant was fit and on the issue of insanity, with the cost to be paid by the state's attorney. At the hearing on that motion, the defendant did not object to either part of that examination, but requested that the exam be taped pursuant to 725 ILCS 5-103-2.1, and an order to that effect was entered. The state moved to reconsider the application of that statute, the taping order, and later filed an amended motion to reconsider, adding the information that Dr. Marcos refused to examine the defendant if the examination were required to be taped on the grounds that it would hinder an effective examination. In January 2011, the defendant objected to the state's motion to reconsider the taping order, moved itself to reconsider the examination order and requested that the exam be limited to NGRI issues and not fitness, and also moved for summary judgment under the civil summary judgment statute, 735 ILCS 5-2-1005, on the issues of fitness and stand trial. The Court in February granted civil summary judgment, barred the state from retaining an independent expert on the issue of fitness, and required the audio taping of that NGRI exam, and the state filed this appeal. With regard to the issue of the independent fitness examination, the defendant concedes that the Circuit Court believed that it had no discretion to allow the state to retain an independent expert. The issue before this Court is whether that belief was correct. It's the state's position that the Court did have the discretion to allow the state to select an independent examiner on the issue of fitness prior to the fitness restoration hearing, and therefore the Court's failure to exercise that discretion due to its belief that it had none was an abuse of discretion that prejudiced the state's ability to prosecute this case, and it was an error that resulted in the Circuit Court granting summary judgment on an erroneously and artificially truncated record. There's nothing about Section 104-13, which is the only section of Article 104, relating to the appointment of expert witnesses in fitness proceedings, that prohibits the state in its general right to present its case as it sees fit, and to seek to retain an expert witness where appropriate. The statute provides for payment of an indigent defendant's expert witness, but this does not strip the Circuit Court of its general discretion to permit the state to seek the appointment of an expert witness. And as the people point out in their brief, non-indigent defendants have retained private examiners in initial and fitness restoration hearings, even though the statute is equally silent on that matter. If the Court has no questions about this issue, I'll proceed to the second issue, which relates to the summary judgment order itself. Now, again, the parties start by agreeing that Article 104 of the Code of the Procedure contains a comprehensive statutory framework that the legislature intended to be applied in fitness proceedings. And the issue before this Court is whether Article 104 mandates the procedure that must apply, where, as happened here, the Department of Human Services finds no substantial probability that a defendant previously declared unfit will attain fitness within a year. That's the defendant's position that Article 104 is silent on this question. So the Circuit Court was free, had the discretion to import and adopt the civil summary judgment standard. It's the state's position that Article 104 is not silent on the question of what procedure is to be applied under this factual scenario. So the Circuit Court's deviation from this statutorily mandated procedure is void and must be vacated. Section 104-20 of Article 104 states that where, as here, DHS has concluded, after reviewing the defendant's case that he will not attain fitness within a year, that DHS is to make a report to the Circuit Court, and that upon receipt of that report, the Court shall conduct a hearing and shall determine if the defendant is unfit and not substantially likely to regain fitness in a year. And when you look at Article 104, the effect of this finding under Section 104-20 has implications that resound throughout this article. For example, it's those findings under 104-20 that trigger the application of Section 104-23, which itself, if those factual findings are made pursuant to a hearing under 104-20, triggers the discharge proceeding under 104-25. Can the parties in a 104-20 hearing stipulate as to anything, reports, factual scenario? Can the parties stipulate? Yes, Your Honor. The People's site in the briefs, People v. Taylor, the first district case from 2011, in which a fitness restoration hearing was conducted pursuant to Section 104-20. If the parties could stipulate evidence, why cannot they resolve a 104-20 hearing by summary judgment? Well, Your Honor, because summary judgment is a civil, is from the Code of Civil Procedure. The criteria for a stipulation is there is no contest. That we agree that this report can come in, the doctor would testify as to the contents of it. We stipulate as to this particular fact scenario or this particular fact, and you don't have to go through the proof and everything. A summary judgment, the concept of summary judgment is there is no genuine issue of material fact. All of it could have been stipulated to as a basis, and that the movement is therefore entitled to judgment as a matter of law. What's the practical difference? What's the qualitative difference between being allowed to engage in a stipulation and because there is no contest on the genuine issue of material fact, the court makes a determination, a factual judgment on the merits by means of summary judgment. Well, leaving aside for a question, for a moment, the question about whether there was really a question of material fact, given that the state, as we talked about in Issue 1, it was prohibited from seeking. No, I'll grant you that. That's fine. Leaving that aside, summary judgment, when you just look at the summary judgment statute, isn't appropriate in cases such as these, and this is discussed in the People's Brief, but a defendant may seek summary judgment as to all or any part of the relief sought against them, but here the relief sought against the defendant is not fitness finding, but conviction and punishment. Also, summary judgment is appropriate if no factual dispute remains on a major issue, but here, again, fitness is not a major issue in the case, but an unnecessary condition to the case proceeding in the first place. Also, fitness is inappropriate for summary judgment determination because mental fitness is fluid. It may change. That's the premise of a fitness restoration hearing. A determination of fitness or lack of fitness, whether it would be by a full-blown, fully contested hearing or by a summary judgment or by stipulation, is focused in time no matter what. It really doesn't make any difference how the court reached that conclusion. It is still time after this hearing. Well, Your Honor, the summary judgment procedure is a procedure that may dispose of a factual issue, but that does not mean that it was appropriate to import this framework into a fitness hearing where the fitness statute or Section 104-20 provides a framework, a flexible framework, as Taylor shows, for reaching this fitness determination. And this court has already rejected an argument that the civil appeals rules apply or could apply under Wade, People v. Wade, just because the fitness proceedings are civil in nature. Also, in Hennings and Trainor, cited in the People's Brief, the Illinois Supreme Court has rejected efforts to import general civil standards about dismissal of a case or summary judgment in the case of Hennings where there are fully integrated and comprehensive statutory schemes that apply and that also contain provisions for the dismissal of an action or for the findings of facts. Because Article 104 is a comprehensive statutory scheme, the court was governed by the rules of limited jurisdiction and was required to proceed within the statute. In cases involving the comprehensive statutory scheme, the defendant also agrees that Article 104 is. The court must have jurisdiction to grant the particular relief requested and an action exceeding that limited jurisdiction is void and can be attacked at any time. The people in the library cite cases for that. In Ray K.D. and in Ray Alex T. In Alex T., for example, the appellate court vacated as void a civil commitment order that was entered without statutory authorization. In this case, the court issued an unauthorized summary judgment order as a form of relief that was entered without statutory authorization by the comprehensive statutory scheme that applies. And therefore, it should be vacated as void. Now, the defendant is making a harmless error argument in response to this and saying that even if the court had followed the mandatory statutory scheme, Section 104-20, it would have made a similar factual finding. And again, leaving aside for a moment the Issue 1 issue, that we don't know what the other side of the evidence was, the harmless error analysis is inapplicable because the circuit court had no authority to issue the order. So it's no answer to say that a statutorily authorized order may have reached the same factual conclusion. The summary judgment order is void and must be vacated. Also, even if the summary judgment statute could have been imported, it was improper to do so because of the Issue 1 issue that the state was barred from presenting evidence. I hope that answered your question. It does. Well, I don't want to skip over any other questions. Oh, no, no, no. That's fine. Thank you. Okay. Well, in that case, I'll skip to Issue 3, the taping order. Now, there is a jurisdictional question that the defendant raises, but I feel I deal with that adequately in the reply brief. Unless the court has questions, I'll skip to the merits. The defendant argued that the exam must be recorded under Section 103.1, the statute that requires the taping of a homicide suspect's custodial interrogation in a place of detention that's owned and operated by a law enforcement agency. And the court agreed. On appeal, the defendant does not defend the circuit court's reliance on this statute, which was inapplicable for a number of reasons discussed in the people's opening brief. Instead, the defendant argues that the court had the general discretion to order the taping. Let me pose another question. Let's suppose that the doctor did this examination. The doctor comes in in a contested hearing. The judge listens to the content of the doctor's testimony as well as demeanor and everything and listens to the cross-examination of the doctor as far as the examination of the defendant and decides, I don't believe this. I don't believe the doctor. I don't believe it happened that way. And I'm ruling accordingly. My understanding of the motivation of the trial court in ordering this first visual audio and then audio was as part of determining essentially demeanor questions. And why wouldn't the judge, as a general finder of fact, with that responsibility, ultimately resting on Judge Tagarelli, be well within his power as a circuit judge to say, I want this taped because I do have to determine the credibility as part of the demeanor of this witness of whatever the doctor does professionally and make this ultimate decision? Right. Well, the answer to that question is that the evidence before the court here in the form of the affirmance in the state's second motion to reconsider, the amended motion to reconsider, is that Dr. Marcos, who is the state's expert, said that the taping, just the physical act of making this tape, would hinder the examination and would affect the results of the examination, would affect what went on in the examination room. I think also that I do not believe that the court's stated rationale for ordering the taping was to gain extra evidence to be able to independently judge the demeanor. That was not explicitly stated. Having been a trial judge for 14 years, I understand the motivation. Okay. Well, the court, in its order, stated that it was ordering this taping, quote, pursuant to Section 103-2.1. It's the state's argument that that language indicates that the court did not exercise the discretion. Leaving aside the question of whether the court has this discretion, the written order shows that the court did not exercise that discretion, but rather believed that it was required to order the taping. And also, the court's order was an abuse of discretion because, absent the statute, there was no reason to order the taping of the exam, given that the evidence before the court was that the taping of the exam would actually make the exam less reliable. As people point out in the answer brief, the way to challenge an expert witness' evaluation of a defendant is for the defense to get its own expert and conduct its own examination and present a report on that, not to tape the doctor. And is exercising his professional duties. If there are no further questions, I'll... Please, go ahead. No, that concludes the end of my... Oh. I don't think there are. Thank you, Counsel. Counsel? For the audio record, my name is Curtis Blood, and I represent Terry Sedlicek. Oh. Justice Goldenherzsch, listening to your questions, I think you very well perceive our position on the merits of recording the interview. The examination, the not guilty examination between the doctor and Terry Sedlicek. But I think the interesting question here is whether this court even has jurisdiction to reach that issue. It happens that our Supreme Court has fairly recently considered three times whether the state can appeal from the suppression of evidence under Supreme Court Rule 604A1. Most recently, authored by Justice Carmier, the KDF case, but also Drum and Truitt. And I think that any fair understanding of this issue has got to draw on those three cases, and in particular, KDF, for which Justice Carmier drew them together. The state... Well, let me back up one step. The problem is, in this case, that 604A1 only allows the state to appeal from an order suppressing evidence. That's, quote, suppressing evidence. What is suppressing evidence? And those three cases make clear that our Supreme Court is taking that very seriously. Of course, you read a Supreme Court rule just like you read a statute or a contract. It means what it says, and it says what it means. There's other things that the state can appeal, but they're hanging their hat, suppressing evidence. And, in reply, they're hanging their hat on the Drum case. Drum case, an interesting case. The third of three criminal trials, three defendants tried separately for one murder. And in the first of those two trials, the two defendants who were on trial in those two trials testified. So their testimony was in the can. You can hold it in your hand. You can breathe it. And in the Drum trial, those two defendants, those two who are now convicts, said that they were not going to testify in Drum's trial. And the state asked permission to use the transcript, holding it in their hands, as evidence. And the circuit court said no. And then Justice Carminer's opinion, he wrote for the majority, that that was a suppression of evidence. Prevented the transcript from getting to the prior offense. In this case, what's the it? What is it that is being prevented from getting to the jury? There's no evidence. We're at least one step back from evidence. We're not talking about suppression of evidence. We're talking about, at most, hindering the manner in which evidence may come into being. I submit that any fair reading of Drum, Pruitt, and of KDL indicates that in Springfield, this wouldn't pass. This court would not have jurisdiction on this issue. We're very confident of the merits, especially after hearing the questions from the bench. And to point out that much of the state's objection to taping is that Dr. Marcos doesn't want to do it. Well, the state says we have an absolute right to pick our examiner. We picked Dr. Marcos. He's our man on the issue of not guilty by reason of insanity. He's the one we get to pick. Dr. Marcos, or perhaps now I should start calling him Judge Marcos, decides that he's not going to do it if he has to record it. And so the argument goes, state gets to select. State has an absolute right to select. State selects Marcos. Marcos won't do it unless he's unrecorded. Therefore, the argument goes, the judge can't make Marcos record. That's what we're here on, on that issue. Well, the whole premise of all this is that the state has an absolute right to pick their doctor. There's only about a dozen cases citing this statute, the selection statute. And only one of them discusses whether it's an absolute right of the state. And that one, the Nelson case cited in our brief, says it's not an absolute right. And indeed, to make it an absolute right would be unconstitutional. There's no contrary authority. So the state may have an absolute right to pick an examiner in the sense that they can name him. But if he can't follow rules, then the state has a right to pick another one. Unless there are questions, that's all I have to say about that issue. But again, I think primarily the question is one of jurisdiction. The state's appeal from a fitness determination. And it ended up with summary judgment. If I understood the tenor of your questions, Your Honor, it was that it's a question of formal or substance. And if there's nothing on the other side, if all the evidence is on one side, then what are we doing about squaring witnesses? The state, let's make no mistake, they were asking the judge to consider whether Marcus was a good one to examine Terry Sedlacek. The state was saying, he's our selection as an independent examiner on the issue of fitness as well. He's not guilty. He's the one we want. Well, the statute says that the court shall choose examiners. And the court had done that. The court had asked the parties to suggest an examiner. Then the court had appointed Dr. Heilbrunner. Dr. Heilbrunner had made his examination, concluded that the defendant was not fit. And on that basis, on the basis of stipulation, the judge found that Terry was not fit. Now, the state wants to come in with an independent doctor and get its own fitness opinion. Well, it's not in the statute. In the statute, the defendant, if he's independent, can ask for appointment of an examiner, but nothing from the state. And I thought the state made a very clever argument here. Well, the statute also doesn't say that a non-indigent defendant can select an examiner. That's an excellent point. It had me for the entire afternoon I read that. And then I realized, if you have the money to hire a doctor and will see the doctor, knock yourself out. That's not an issue. This statute goes to the two issues that come up in these cases. Number one is involuntary examinations, which the examination ordered by the court is. The other problem is indigent defendants. There's no issue about what happens to a defendant that can afford a doctor and is willing to see him.  If, then, the statute doesn't provide for selecting an examiner, then the state's beef isn't with the court. The state's beef is with Springfield. The state's got to tell the legislature to change the statute. But this is the statute today. And if the state doesn't have the right to an examiner, there's absolutely no evidence that Terry is fit. Absolutely not. So summary judgment. Let's say summary judgment was wrong. Let's just say it should never have been used in this case. Harmless error. It has been. There are a number of cases talking about, in custodial and non-criminal situations, whether a summary judgment can be entered. Wade is one. Off the top of my head, I can't remember the other one that was on the tip of my tongue a moment ago. But the courts that have said that you can't have summary judgment in these cases, it's always been in the context of a summary judgment against the prisoner. And that's a due process consideration. And the state may be entitled to a fair trial. But one thing that the government is never entitled to is due process. If there are no questions, Your Honor, I think my position is understood. And we'd ask that this court either— Do you have any specific authority for the use of summary judgment in this type of situation? Or are you basically arguing by analogy? By analogy, Your Honor. But the cases cited in our brief, courts have disallowed summary judgment in favor of us. And I read each one, and I noticed that it was always due process. And, of course, that's an individual right. And there was even one case, I think the Savage case, where it was actually done. Summary judgment was entered. And that case has since been discredited because summary judgment was entered against the prisoner. And I just haven't found anything other than due process to suggest that summary judgment shouldn't be entered in a case like that. And so from that, I conclude that there isn't. At least this court's going to have to vet it because the state hasn't thought of it. You know, it's unusual for the state to be on the other end of a summary proceeding. And we're kind of on a new ice. I hope that helps. We'd ask that the matter be dismissed in part on the not guilty examination and affirmed in part, or, in the alternative, affirmed entirely and remanded for further proceedings. Thank you, counsel. Thank you, Your Honor.  Thank you, Your Honor. First, with the question about jurisdiction on the taping issue, people in the reply brief distinguish defendant-sided cases, Truett and KEF. This case is more like DRUM, in which the witnesses refused to testify. And the court held that this was a suppression because, for the moment, the order prevents the information from being presented. The court did not ignore the fact that those witnesses refused to testify. Here, the defendant is asking this court to ignore the fact that Dr. Marcos states that he will not examine the defendant. With respect to the defendant's point that the examination by Dr. Marcos does not yet exist, well, neither did the witnesses' testimony in DRUM. What the court knew was that the witnesses refused to give it. The reason is stated in the people's reply brief. This court has jurisdiction under Rule 604A. It also has jurisdiction because this order was a step in the procedural progression, leading to an order that is unquestionably appealable, the summary judgment order, appealable under Rule 604E, and that's an argument, again, that's in the people's reply brief. With regards to the merits of Issue 3, Section 115-6 does state that the court must order the defendant to submit to an insanity exam by a psychiatrist to be named by the state. With regard to Issue 1, Section 104-13 states that the court, upon the raising of the initial fitness question, selects an examiner. The statute is silent as to what happens after that. Again, the state's position is that either side may seek a fitness examiner. The defendant argues that an exam that's sought by the state may be involuntary. The defendant may not want to comply. But this does not mean that the court has no discretion to make that, to order that examination. The question here, recall, is whether the court has that discretion, not whether the court should have done so. Remember, the court stated that it did not believe that it had the discretion, and that's the issue here. The issue is not the right to an examination, but the discretion to order an examination. And finally, with regard to Issue 2, the defendant proposes that this case is different from the people-cited cases because the summary judgment in this case was sought by the defendant and not the state. But People v. Trainer, which does abrogate Savage, cited by the defendant, states that summary judgment has no place in SBPA proceedings, which the defendant analogizes to these proceedings. And this court should decline the invitation to limit the Supreme Court's opinion in Trainer. And in any event, as the people already argued, the summary judgment proceeding is inappropriate here because of the comprehensive statutory scheme that applies. And finally, the issue is not whether summary judgment would be constitutional, and I'm referring to the defendant's due process argument here, but whether it's permitted by statute. And because Article 104 sets forth the mandatory procedure that must be followed, the summary judgment order, like the other orders being appealed by the state today, should be vacated and the cause remanded. Thank you. Thank you, counsel. We appreciate the briefs and arguments of counsel. The case under advisement will resume a oral argument at 1 o'clock.